**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NARENDRA LAKHANI, et al.,

        Plaintiffs,

        v.

MANISH PATEL, et al.,

        Defendants.

Civil Action No. 15-7794 (MAS) (DEA)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

        On October 30, 2015, Defendants Ashwin Pandya, CPA, Harit Kapadia, CPA, and Pandya Kapadia Associates, CPA, PA ("Removing Defendants") filed a Notice of Removal pursuant to 28 U.S.C. § 1441. (ECF No. 1.) Removing Defendants state in their Notice of Removal that this action was originally commenced in the Superior Court of New Jersey, Somerset County in four different actions in 2010 and 2011; and on September 18, 2015, they were consolidated into one matter bearing docket number SOM-L-758-11. On October 9, 2015, the state court judge permitted Plaintiffs Narendra Lakhani, Sonali Mody, and Darshan Lakhani ("Plaintiffs") to amend their complaint to add Removing Defendants. In the Amended Complaint, Plaintiffs assert that Removing Defendants, and others, violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. 1961 et seq. Removing Defendants assert that removal is proper as they removed this action within thirty days of notice of the Amended Complaint and this Court has federal question jurisdiction.

        This consolidated action proceeded in state court for more than four years before it was removed, and this Court's alleged jurisdiction is based on Plaintiffs' recent inclusion of a RICO

claim in the Amended Complaint. Having reviewed the Amended Complaint, the Court issued an Order to Show Cause due to its concern that Plaintiffs may have failed to sufficiently state a claim for a RICO violation. (ECF No. 30.) Pursuant to the Order to Show Cause, the Court ordered "Plaintiffs [to] show cause in writing . . . why Plaintiffs' RICO claim should not be dismissed and this action should not be remanded to New Jersey Superior Court for lack of jurisdiction," and required Plaintiffs to electronically file a Civil RICO Case Statement pursuant to Local Civil Rule 16.1(b)(4). (*Id.*)

Plaintiffs responded with the requested Civil RICO Case Statement ("RICO Statement"). (RICO Statement, ECF No. 34.) In the RICO Statement, Plaintiffs allege RICO violations pursuant to 18 U.S.C. §§ 1962(b), (c), and (d). (*Id.* at 2.) Additionally, Plaintiffs allege that the underlying racketeering activities were accomplished through mail, wire, and bank fraud, in violation of 18 U.S.C. §§ 1341, 1343, and 1344, respectively. (*Id.* at 4.) The Court has carefully considered Plaintiffs' response, and for the reasons stated below, Plaintiffs' RICO claim is dismissed with prejudice and the case is remanded to the New Jersey Superior Court for lack of jurisdiction.

"The RICO statute provides for civil damages for 'any person injured in his business or property by reason of a violation of [18 U.S.C. § 1962].'" *Tabas v. Tabas*, 47 F.3d 1280, 1289 (3d Cir. 1995) (quoting 18 U.S.C. § 1964(c)). Plaintiffs' two substantive RICO claims arise under 18 U.S.C. §§ 1962(b) and (c).[1] Section 1962(b) states that "[i]t shall be unlawful for any person through a pattern of racketeering activity . . . to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce." 18 U.S.C. § 1962(b). Section 1962(c) similarly provides that "[i]t

---

[1] Section 1962(d) states that "[i]t shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section." § 1962(d).

2

shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." 18 U.S.C. § 1962(c).

A properly plead violation of § 1962(c) requires a plaintiff to allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 362 (3d Cir. 2010) (quoting *Lum v. Bank of Am.*, 361 F.3d 217, 223 (3d Cir. 2004) *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Section 1962(b) similarly requires a plaintiff to allege a "pattern of racketeering activity," but the plaintiff must also show "'an interest in or control of' an enterprise, as opposed to the less demanding requirement of 'association with' an enterprise required in [§] 1962(c) claims." *Adorno-Bezares v. City of New Brunswick Dep't of Planning, Cmty., & Econ. Dev.*, No. 11-151, 2012 WL 4505339, at *3 (D.N.J. Sept. 27, 2012). "A common thread running throughout § 1962 is that an injured party must demonstrate that the defendant was engaged in a 'pattern of racketeering activity.'" *Amos v. Franklin Fin. Servs. Corp.*, 509 F. App'x 165, 167 (3d Cir. 2013). Section 1961(1) defines "racketeering activity," also known as a predicate act, and lists various state and federal crimes that constitute such an act. 18 U.S.C. § 1961(1). "A pattern of racketeering activity requires at least two predicate acts of racketeering," which "may include, *inter alia,* federal mail fraud under 18 U.S.C. § 1341 or federal wire fraud under 18 U.S.C. § 1343." *Lum*, 361 F.3d at 223. When "plaintiffs rely on mail and wire fraud as a basis for a RICO violation, the allegations of fraud must comply with [Rule] 9(b), which requires that allegations of fraud be pled with specificity." *Id.*

To satisfy Rule 9(b)'s pleading requirements, a plaintiff must specify "the 'circumstances' of the alleged fraud in order to place the defendants on notice of the precise misconduct with which

3

they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior." *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir. 1984) *abrogated on other grounds by Twombly*, 550 U.S. at 557. To meet this requirement, the plaintiff must plead or allege the "date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007). At a minimum, a plaintiff must support allegations of fraud with the "who, what, when, where and how of the events at issue." *In re Suprema Specialties, Inc. Sec. Litig.*, 438 F.3d 256, 276-77 (3d Cir. 2006) (citations omitted), *abrogated on other grounds by Tellabs, Inc. v. Makor Issues & Rights, L.T.D.*, 551 U.S. 308, 322-23 (2007).

In their Amended Complaint, Plaintiffs not only failed to allege what section(s) of RICO were violated, they also failed to allege sufficient facts to support a claim under any section of 18 U.S.C. § 1962, given the heightened pleading standards of Rule 9(b). (Am. Compl., ECF No. 1.) As a result, this Court provided Plaintiffs with a second opportunity to plead their case by ordering Plaintiffs to show cause in the form of a RICO Statement. (ECF No. 30.) Plaintiffs, however, failed to include in their RICO Statement sufficient facts detailing the "what, when, where and how" of the alleged fraud. (*See generally* RICO Statement.)

Although Plaintiffs allege sufficient facts for this Court to determine "who" was involved in the alleged fraud, Plaintiffs provide little to no information for the remaining factors. (*Id.* at 2-3.) With respect to "when" the alleged fraud occurred, Plaintiffs merely state that "[t]he fraudulent acts began when the Patels induced the Lakhanis to form Brix Hospitality, LLC in 2005 . . . [and] continued through 2010." (*Id.* at 4; *see also id.* at 4-5 (Plaintiffs maintain both the "predicate acts" and "fraudulent acts" occurred on unspecified dates within the aforementioned 2005 to 2010 timeframe.).) As to the "what, where and how," the RICO Statement is entirely devoid of specific

4

details that could substantiate the alleged mail, wire, or bank fraud. Plaintiffs argue, in part, that "the [Removing] Defendants work[ed] together to fraudulently take money from the proceeds of their hotel ventures with [the Lakhanis]," and that "the Patels skim[med] funds during the sale of properties through the imposition of fraudulent and improper fees." (*Id.*) The use of mail, wire, or bank fraud in conjunction with these activities, however, is not described with any degree of specificity. Consequently, Plaintiffs' allegations are nothing more than conclusory statements, which remain unsubstantiated by the RICO Statement.

For the reasons set forth above, Plaintiffs' RICO Statement does not sufficiently state a claim upon which relief can be granted and, therefore, Plaintiffs' RICO claim must be dismissed and this case must be remanded to state court for lack of subject matter jurisdiction. An order consistent with this Memorandum Opinion will be entered.

                                           s/ Michael A. Shipp
                                           MICHAEL A. SHIPP
                                           UNITED STATES DISTRICT JUDGE

**Dated:** April 20, 2016